UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

DANA LAMB,

        Plaintiff,

                          CASE NO.: 2:05-cv-54-FtM-33SPC

vs.

GEORGE BUKENS, and J. KONOPKA,
d/b/a TWISTEE-TREAT

        Defendant.

_____/

## CONSENT DECREE AND DISMISSAL WITH PREJUDICE

A Complaint has been filed by Plaintiffs for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. ("ADA"). The Complaint seeks injunctive relief compelling Defendants, GEORGE BUKENS and J. KONOPKA to modify its property to make it readily accessible to the Plaintiff and all other persons with disabilities as defined by the ADA. The parties and their respective counsel hereby consent to the entry of this decree, and without this Decree constituting an admission of fact or law, fault or liability, by any party, it is therefore, ORDERED AND ADJUDGED, and DECREED as follows:

### I.    JURISDICTION

This Court has subject jurisdiction over matter and has personal jurisdiction over the parties to this Consent Decree. The parties agree to be bound by the terms of this

Consent Decree and not to contest its validity in any subsequent proceeding arising from it.

## II.   DEFINITIONS

The following definitions shall apply in this Consent Decree:

A.   "ADAAG" means 28 C.F.R. Chapter 1, part 36, App. A (7-1-98).

## III.   RESPONSIBILTIES OF DEFENDANT/WORK PLAN

The Defendants agree to make the following modifications and alterations, at the RESTAURANT which is the subject of this action, known as TWISTEE TREAT located at 18911 S. Tamiami Trail, Fort Myers, Florida.

**A.   INITIAL ACCESS**
  i.   The Defendants shall ensure that there is an accessible path of travel provided from the accessible parking spaces to the main order counter of the store, to the accessible table, and to the toilet room that complies with §4.3 of Appendix A to 28 CFR part 36 (hereinafter referred to as the "ADAAG") 7-1-94 Edition.

**B.   ORDERING AND DINING**
  i.   The Defendants shall provide one accessible table for use by patrons that shall be available during business hours. This table shall comply with ADAAG §4.32 and Figure 45 and shall have a minimum of 27 inches of knee space from the ground to the bottom of the table, a minimum of 30 inches of clear width, a maximum of 34 inches from the ground to the top surface and a minimum of 19 inches of unobstructed depth and shall be on an accessible route.
  ii.   The Defendants agrees to bring any items ordered by an individual with a disability to the accessible table provided, and


agrees to accept payment and provide change at the accessible table.

C. TOILET ROOM

  i. The Defendant shall modify the men's toilet room to be an accessible toilet room compliant with the terms below. Signage shall be mounted in conformance with ADAAG §4.30. In addition, signage shall be mounted at the current women's toilet room indicating that if a woman needs an accessible toilet room, that they are able to use the men's toilet room. The Defendants shall modify the current men's toilet room that it fully complies with all applicable provisions of the ADAAG, including but not limited to ADAAG §§4.16, 4.19 and 4.22. The Defendant represents that this toilet room is 82" deep [handwritten: deep T.B.] by 50" deep [handwritten: wide T.B.]. Due to structural issues with this building, if this toilet room does in fact meet these dimensions it will not be necessary for the Defendant to enlarge this toilet room, however it shall comply with the ADAAG in all other aspects. One accessible water closet shall be installed which complies with §4.16 of the ADAAG. In addition, the Defendants shall ensure that the centerline of the water closet is as close as possible to 18 inches to the near sidewall as possible without having to relocate the plumbing. The toilet seat height shall be between 17 and 19 inches above the floor. The flush valve of the water closet shall face the wide side of the toilet room. This toilet room shall contain grab bars that comply with Figure 29 of the ADAAG. The Defendant shall remove the urinal from this toilet room. The toilet room shall have an out-swinging door that provides no less than 31 inches of clear width and otherwise complies with §4.13 and Figure 25 of the ADAAG. (Due to structural issues it is agreed that a 31 inch clear opening will be acceptable for this door rather than the 32 inches required by the ADAAG). If there is less than 12 inches of clear maneuvering

3

space next to the door jam on the push side of the door the Defendant shall ensure that the closer is removed from the door. The door shall be equipped with hardware and a locking mechanism that does not require pinching, grasping or twisting of the wrist. The lavatory shall fully comply with §4.19 and Figure 31 of the ADAAG and shall contain an insulated drain pipe and hot water feed and shall contain lever style hardware which does not require pinching, grasping or twisting of the wrist. The dispensers, including soap and paper towel dispensers, shall be mounted so that the highest operating controls are not higher than 48 inches above the finished floor. The toilet paper dispenser shall be mounted below the side grab bar at a minimum height of 19 inches above the finished floor and a maximum of 36 inches from the rear wall. The mirror shall be mounted so that the bottom reflective edge is no higher than 40 inches above the finished floor in accordance with §4.19.6 of the ADAAG. An accessible path of travel shall be provided to this toilet room.

**D.  READILY ACHIEVABLE**

i. If after consulting with the appropriate architect, contractor or other qualified individual who will perform the above work, Defendants believe that any of the above modifications are not readily achievable or technically feasible, they shall notify the Plaintiff in writing of such determination, and provide appropriate backup documentation for this position. The parties agree to negotiate in good faith a reasonable alternative to said modification. If the parties cannot reach an agreement, then that issue shall be submitted to the Court for determination. This is no way excuses the Defendants from performing all other modifications that are readily achievable and technically feasible.

### IV.  RESPONSIBILITY OF PLAINTIFFS

Plaintiff's representatives shall be provided reasonable access to verify completion of the above referred-to work. Defendants shall notify Plaintiff upon completion of the work.

### V.  COMPLETION

Defendants agree to complete all alterations and modifications at or within the RESTAURANT by October 31, 2005.

In the event the alterations and modifications required hereby are not timely completed in all respects, the Plaintiff shall be entitled to seek an award for injunctive relief from the Court. The parties agree that if the Defendants have timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendants (such as inability to obtain building or zoning permits, failure of the county inspectors to make inspections, contractor defaults, work stoppages, etc.), the time periods for completion established hereby shall be extended appropriately, provided Defendants notify Plaintiff of such prior to the completion date.

Notwithstanding the foregoing paragraph, if any action or proceeding is commenced with regard to the subject matter of this Decree, then the prevailing party in such action or proceeding shall be entitled to have its reasonable attorney's fees and costs incurred in said action or proceeding promptly reimbursed by the non-prevailing party.

## VII.   CONTINUING OBLIGATION

It is the intention of the parties that, if the RESTAURANT is sold or transferred prior to the completion of all the obligations set forth herein, any purchaser or successor in interest shall be required to undertake all of the obligations as set forth herein

## VIII.   ADMISSIBILITY OF CONSENT DECREE

The parties have entered into this Consent Decree with the express understanding that it is the product of settlement negotiations. The Court, however, expressly finds that the required modifications to the subject RESTAURANT satisfy all requirements of ADAAG, and are reasonable accommodations and completely render the RESTAURANT readily accessible to persons with disabilities as defined by the ADA. The Court expressly finds that the parties participated in these negotiations and have executed this Consent Decree in good faith.

Dated this 25 day of May, 2005.

SCHWARTZ ZWEBEN & ASSOC., L.L.P.
Attorneys for Plaintiff
205 SW Winnachee Drive
Stuart, FL 34994
Telephone:   (772) 223-5454
Facsimile    (772) 463-0778

By: _____
Gene R. Zweben, Esquire
Florida Bar No. 88919

GEORGE BUKENS
17520 Butler Road
Ft. Myers, Florida 33912

By: _____
George Bukens

By: _____
J. Konopka

6

## ORDER

JUDGMENT IS HEREBY ORDERED in accordance with the foregoing Consent Decree. The Court finds that once said modifications and alterations have been completed by the Defendant, that the Defendants are in compliance with the requirements of Title III of the ADA to the extent readily achievable and technically feasible. This case is hereby Dismissed with prejudice.

DONE AND ORDERED at Ft. Myers, Florida this 31st day of May, 2005.

_____
United States District Judge

Conformed copies to:
Gene R. Zweben, Esq.
George Bukens
J. Konopka